**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4700**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUENTIN JOHN FISHBURNE, a/k/a Quinton John Fishburne, a/k/a Q,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:18-cr-00780-DCN-1)

Submitted:  August 31, 2023                    Decided:  September 6, 2023

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Albert P. Shahid, Jr., SHAHID LAW OFFICE, LLC, Charleston, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Quentin John Fishburne of two counts of possession of a firearm after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and one count of conspiracy to transfer and dispose of firearms and ammunition to felons, in violation of 18 U.S.C. § 371.  The district court sentenced Fishburne to 285 months of imprisonment, and he now appeals.  We affirm.

On appeal, Fishburne first argues that the district court erred in denying his motion to suppress the Smith & Wesson firearm law enforcement obtained during a search of Fishburne's vehicle during a 2018 traffic checkpoint stop.  Specifically, Fishburne asserts that the checkpoint was not reasonable, and thus, constituted a violation of the Fourth Amendment.  In reviewing a district court's ruling on a motion to suppress evidence, we review legal conclusions de novo and the underlying factual findings for clear error, viewing the evidence in the light most favorable to the government.  *United States v. Cloud*, 994 F.3d 233, 241 (4th Cir. 2021).

We apply a two-step analysis to determine whether a suspicionless police checkpoint is constitutional.  *United States v. Moore*, 952 F.3d 186, 190 (4th Cir. 2020).  "First, we must decide whether the checkpoint had a valid primary purpose."  *Id*.  Checkpoints conducted for the limited purpose of checking driver's licenses and motor vehicle registrations have been considered constitutionally permissible.  *Id*.  "Second, if the checkpoint had a valid primary purpose, we then proceed to judge its reasonableness, hence, its constitutionality, on the basis of the individual circumstances."  *Id*. (cleaned up).

2

The reasonableness of a checkpoint stop "is determined by balancing the gravity of the public interest sought to be advanced and the degree to which the seizures do advance that interest against the extent of the resulting intrusion upon the liberty interests of those stopped." *Id*. (cleaned up). Examining the intrusiveness of a checkpoint, we consider whether the checkpoint was clearly visible, whether there was a systematic procedure that strictly limited the discretionary authority of the police officers, and whether the drivers were detained no longer than necessary. *Id*. at 192.

Here, a police officer testified that the Walterboro Police Department conducted the checkpoint in response to complaints about speeding vehicles near a school. Officers also testified that the checkpoint was visible from 500 feet away, marked with a sign, and police vehicles were parked at the checkpoint with blue lights activated. Further, the officers explained that every vehicle was stopped, and drivers were only detained long enough for officers to check the driver's license, vehicle registration, and proof of insurance. Viewing the evidence in the light most favorable to the Government, we find no factual or legal error in the district court's finding that the checkpoint had a valid primary purpose and was reasonable. *See Moore*, 952 F.3d at 190-92; *see also Delaware v. Prouse*, 440 U.S. 648, 658 (1979).

Fishburne next argues that the district court erred in its answer to the jury's question regarding the § 922(g)(1) charges. During the deliberations, the jury asked whether it is illegal for a convicted felon to be in a vehicle with another individual who was legally carrying a firearm. Fishburne claims that the district court should have answered with a simple no, rather than the court's answer that it depended on the circumstances.

3

"We review a district court's decision to respond to a jury's question, and the form of that response, for an abuse of discretion." *United States v. Foster*, 507 F.3d 233, 244 (4th Cir. 2007). In line with a district court's general "obligation to give instructions to the jury that fairly state the controlling law," *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016) (brackets and internal quotation marks omitted), if a district court chooses to respond to a jury's request for clarification, its "duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice," *United States v. Savage*, 885 F.3d 212, 224 (4th Cir. 2018) (internal quotation marks omitted).

"Section 922(g)(1) does not require proof of actual or exclusive possession; constructive or joint possession is sufficient." *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012) (internal quotation marks omitted). To establish actual possession, the Government had to prove that Fishburne "voluntarily and intentionally had physical possession of [a] firearm." *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). To establish constructive possession, the Government had to show that Fishburne "intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." *Id.* (internal quotation marks omitted). The district court answered the question in a manner consistent with case law regarding joint and constructive possession. We therefore find no abuse of discretion.

Next, Fishburne argues that district court erred in denying his post-trial motion to dismiss the second superseding indictment and vacate his conviction because the indictment and the jury instructions were not sufficient under *Rehaif v. United States*, 139

4

S. Ct. 2191 (2019).  Because Fishburne did not raise a timely objection to the sufficiency of the indictment or the jury instructions, we review for plain error.  *See United States v. King*, 628 F.3d 693, 699 (4th Cir. 2011); *United States v. Jennings*, 496 F.3d 344, 351 (4th Cir. 2007).  To establish plain error, an appellant must show:  (1) an error, (2) that was plain, and (3) that affected his substantial rights.  *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014).

Fishburne has not met these standards.  Under *Rehaif*, the government need only demonstrate that the defendant knew that he was a felon, not that he knew that he was barred from possessing firearms.  *See, e.g., United States v. Moody*, 2 F.4th 180, 196-98 (4th Cir. 2021).  The second superseding indictment and jury instructions properly listed this element.  Moreover, Fishburne stipulated that during the relevant time period, he "knew that he had previously been convicted of a felony punishable by a term exceeding one year and was therefore prohibited from possessing a firearm."  Thus, Fishburne has not established plain error in the district court's denial of his motion.  *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) ("[A] *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

Finally, Fishburne asserts that the district court erred by applying a cross-reference to attempted murder when calculating his advisory Sentencing Guidelines range based on the Government's investigation tying the firearm seized at the checkpoint to a shooting

5

in 2015.[*]  In evaluating a district court's calculation of the advisory Guidelines range, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017).  "[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence."  *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009).  The court may also draw inferences from the evidence, so long as those inferences are not clearly erroneous.  *See United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004).

A Guidelines error is harmless—and, thus, does not warrant reversal—if "the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (alterations and internal quotation marks omitted).  Here, the district court stated that the 285-month sentence was an appropriate sentence based on factors set forth in 18 U.S.C. § 3553(a), regardless of the advisory Guidelines range.  *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382-83 (4th Cir. 2014).  Therefore, it is clear that the court would have reached the same sentence even if it had resolved Fishburne's challenge to the cross-reference in his favor.

---

[*] In asserting that the district court erred in applying the cross-reference, Fishburne argues that the court was limited by a stipulation regarding Fishburne's conduct in a prior conviction, that application of the cross-reference violated his privilege against double jeopardy, and that the count exceeded its authority in "stacking" the sentences of the offense of conviction.  We reject those claims.

6

Under the second prong of this inquiry, when reviewing the substantive reasonableness of a sentence, we "must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Mills*, 917 F.3d at 331 (brackets and internal quotation marks omitted). "And while we presume that sentences within the advisory Guidelines range are substantively reasonable, even sentences that vary outside the Guidelines range are entitled to due deference." *Gomez-Jimenez*, 750 F.3d at 383.

The district court thoroughly considered the § 3553(a) factors, including the serious nature of the offenses, Fishburne's admitted membership in street gang known for violence, the need to protect the community, and Fishburne's extensive pattern of criminal activity, which included repeated use of firearms. In light of the district court's analysis of the § 3553(a) factors, the 285-month sentence is reasonable, even though it constitutes a significant upward variance from the otherwise-applicable advisory Guidelines range. *See United States v. Bolton*, 858 F.3d 905, 916 (4th Cir. 2017) (upholding upward variant sentence 25% higher than top of Guidelines range) (citing *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007) (upholding sentence three times as long as upper end of Guidelines range)). Thus, we conclude that any alleged error in applying the cross-reference was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*